UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| DENA ANN CARNES, | ) | CASE NO. 17-21673-JRS |
| | ) | |
| Debtor. | ) | |

### OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

**NOW COMES** ASSET MANAGEMENT HOLDINGS II, LLC ("Asset Management"), a creditor and party in interest in the above-captioned matter and files this its Objection to Confirmation of Debtor's Chapter 13 Plan (the "Plan"). In support thereof, Asset Management respectfully shows this Court as follows:

1.

Dena Ann Carnes (the "Debtor") filed her voluntary petition for relief under Chapter 13 of Title 11 of the United States Code on September 2, 2017.

2.

The Debtor is indebted to Asset Management on a loan secured by certain real property commonly known as 242 Springs Ridge Court, Dawsonville, Georgia (the "Collateral") in the amount of $49,247.40 (the "Loan"). The Loan fully matured on December 25, 2014. The Debtor's Plan proposes to pay Asset Management's claim on the Loan directly, with the pre-petition arrearage in the amount of $39,000.00 to be paid through the Plan at $646.00 per month until November 2018, when payments will increase to $873.00 per month.

3.

Asset Management objects to confirmation of the Plan as the Debtor underestimates the amount of the arrearage and the payments proposed on the claim will not pay the arrearage claim

in full over the life of the Plan. Asset Management is not adequately protected and the Debtor's Plan violates 11 U.S.C. §§ 1322 and 1325.

4.

The Loan fully matured on December 25, 2014. The Debtor must pay the matured Note, with interest, fees and costs, in full in the time prescribed under the Plan pursuant to 11 U.S.C. § 1322(b)(3) and (d) and 11 U.S.C. § 1325(a)(5). Accordingly, Asset Management objects to the Plan unless its claims on the Loan is paid in full within sixty (60) months as required by 11 U.S.C. § 1322(d).

5.

Asset Management objects to confirmation of the Plan unless it is paid interest on its claim at the contract rate.

6.

Asset Management objects to the Plan as it is not feasible in violation of 11 U.S.C. § 1325(a)(6). A debtor has the burden of proving the proposed plan of reorganization meets all confirmation requirements, particularly that the debtor will be able to make all payments under the Plan and otherwise comply with the Plan. 11 U.S.C. § 1325(a)(6). In order to determine feasibility of the Plan, the Court must ascertain the probability of actual performance of the provisions of the Plan. As set forth in more detail above, the Plan will require the Debtor to significantly increase the amount of the monthly payments in order to pay Asset Management's fully matured secured claim within the required sixty (60) month period. Accordingly, the Plan as proposed is not feasible in violation of 11 U.S.C. § 1325(a)(6).

7.

The Debtor's Plan should be denied confirmation on the grounds that it is not proposed in good faith and is in violation of 11 U.S.C. § 1325 (a)(3).

8.

The Debtor's Plan should be denied confirmation because it does not meet the criteria set forth at <u>In re Kitchens</u>, 702 F.2d 885 (11th Cir. 1983).

WHEREFORE, based on the above, Asset Management requests that the Court consider this matter, enter an Order denying confirmation of the Debtor's Chapter 13 Plan and grant such other and further relief as is just and proper.

Respectfully submitted this 14th day of November, 2017.

<u>/s/ Ron C. Bingham, II</u>
Georgia State Bar No. 057240


**ADAMS AND REESE LLP**
3424 Peachtree Road, NE, Suite 450
Atlanta, Georgia 30326
Telephone:    470-437-3700
Facsimile:    404-500-5975
E-mail: ron.bingham@arlaw.com
Attorneys for Asset Management Holdings II, LLC

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| DENA ANN CARNES, | ) | CASE NO. 17-21673-JRS |
| | ) | |
| Debtor. | ) | |

## CERTIFICATE OF SERVICE

      I, Ron C. Bingham, certify that I am over the age of 18 and that on November 14, 2017, I served a copy of the foregoing OBJECTION TO CONFIRMATION electronically via the Court's CM/ECF system upon registered users and/or by depositing a copy of same in the U.S. Mail with adequate postage affixed thereon and addressed to:

| | |
|---|---|
| Dena Ann Carnes<br>242 Springs Ridge Court<br>Dawsonville, GA 30534 | E. L. Clark<br>Clark & Washington, LLC<br>Bldg. 3<br>3300 Northeast Expwy.<br>Atlanta, GA 30341<br>Email: ecfnotices@cw13.com |
| Nancy J. Whaley<br>Nancy J. Whaley, Standing Ch. 13 Trustee<br>303 Peachtree Center Avenue<br>Suite 120, Suntrust Garden Plaza<br>Atlanta, GA 30303 | |

                                                                /s/ Ron C. Bingham, II
                                                                Georgia State Bar No. 057240

**ADAMS AND REESE LLP**
3424 Peachtree Road, NE, Suite 450
Atlanta, Georgia 30326
Telephone:    470-437-3700
Facsimile:     404-500-5975
E-mail: ron.bingham@arlaw.com
Attorneys for Asset Management Holdings II, LLC